**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Sammie Bicenti Chee,<br><br>　　　　　Defendant. | No. CR-82-00116-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Sammie Bicenti Chee's Motion to Extend Time to File a Notice of Appeal (Doc. 78). The government does not oppose the motion (Doc. 79), and the Court now rules.

**I.     BACKGROUND**

On January 7, 2021, this Court denied Chee's motion for compassionate release. (Doc. 73). Chee filed a notice of appeal on February 8, 2021. (Doc. 74). On February 16, 2021, the Ninth Circuit issued an order noting that Chee filed his notice of appeal outside the 14-day deadline set by Federal Rule of Appellate Procedure ("Rule") 4(b)(1)(A). It further noted, however, that Chee filed his notice of appeal less than 30 days after the expiration of Rule 4(b)(1)(A)'s deadline. Accordingly, under Rule 4(b)(4), this Court may extend the deadline for Chee to file a notice of appeal upon a showing of "excusable neglect or good cause." *See United States v. Stolarz*, 547 F.2d 108, 112 (9th Cir. 1976). The Ninth Circuit remanded this case for the limited purpose of determining whether excusable neglect or good cause exists. (Doc. 77).

## II. DISCUSSION

Rule 4(b)(4) provides that a "district court may extend the time to file a notice of appeal if" "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and "that party shows excusable neglect or good cause."

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault--excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Fed. R. App. P. 4(a)(4) advisory committee's notes to the 2002 amendments.

Here, Chee's counsel argues that good cause exists in this case because "unavoidable and systemic delays in communications" prevented Chee from informing counsel that he wanted to appeal. (Doc. 78 at 1). On January 8, 2021, the day after the Court denied Chee's motion for compassionate release, counsel mailed the Order to Chee, who is incarcerated in Virginia. (*Id.* at 1–2). Counsel spoke to Chee on the phone on January 12, 2021 through a Navajo interpreter, but Chee had not yet received a copy of the Order. (*Id.* at 2). Counsel received a letter from Chee (drafted by someone else) on February 8, 2021, stating that he wished to appeal the ruling, and counsel filed Chee's notice of appeal the same day. (*Id.*).

Counsel notes that several factors beyond her control resulted in the late notice of appeal. First, Chee cannot read or write and speaks Navajo, which may have delayed his ability to fully grasp the Court's Order. (*Id.* at 3). This language barrier further prevented him from communicating with counsel via email. (*Id.*). Further, counsel notes that the post office was experiencing delays in delivering mail during that time. (*Id.*).

Given these uncontested factors, the Court finds that causes sufficiently "not within the control of the movant" resulted in the delayed filing.

### III. CONCLUSION

Good cause appearing,

**IT IS ORDERED** that pursuant to the Ninth Circuit's order (Doc. 77), Chee's Motion to Extend Time to File a Notice of Appeal (Doc. 78) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order to the Ninth Circuit Court of Appeals re: appeal 21-10042.

Dated this 1st day of March, 2021.

James A. Teilborg
Senior United States District Judge