SM

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-82-00116-PHX-JAT |
| Plaintiff, | |
| v. | **ORDER** |
| Sammie Bicenti Chee, | |
| Defendant. | |

Defendant Sammie Bicenti Chee, who is confined in the Federal Correctional Institution (FCI) in Petersburg, Virginia, has filed a Motion for Reduction Sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (Doc. 319.) The United States did not respond to the motion, and the time to do so has expired.

The Court will deny the Motion.

**I.   Background**

In 1982, Defendant committed the crimes for which he is currently incarcerated. He attacked his aunt, his 14-year-old niece, and a third woman with an axe while they slept. (*See* Doc. 73 at 1–2.) He set his aunt and the other women on fire, and he violently raped the 14-year-old, both orally and vaginally. (*See id.*) Defendant's aunt suffered serious burns to her face, chest, and arm, and the other woman died after suffering head trauma and third-degree burns over 90 percent of her body. (*See id.*) In addition to being raped, the 14-year-old suffered a fractured skull and collarbone. (*See id.*) Prior to these crimes, Defendant shot a woman for rebuffing his sexual advances in 1965; in 1967, Defendant

and another man assaulted a woman with a knife and attempted to rape her; and in 1974, Defendant beat a woman to death with a metal pole because he thought she had refused his sexual advances. (*See id.* at 5–6.)

Plaintiff was sentenced to 30 to 90 years in the Bureau of Prisons (BOP) for the 1982 attack on his aunt, niece, and the third woman. (*See id.* at 3.) Defendant's projected release date is April 13, 2038.[1]

Defendant has been incarcerated for his 1982 crimes for over 40 years and now seeks a reduced sentence based on his advanced age and his physical and cognitive decline. (Doc. 95.)

**II.    Compassionate Release or Reduction in Sentence**

    **A.    Legal Standard**

"Ordinarily, a federal court may not modify a term of imprisonment once it has been imposed." *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (internal quotations omitted) (citing *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021)). However, 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018 (FSA), "allows certain inmates to seek a form of sentence modification called compassionate release by filing motions to that effect with the district court." *United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022) (citing *Dillon v. United States*, 560 U.S. 817, 824 (2010)); *see also* FSA, Pub. L. No. 115-391, § 603, 132 Stat. 5194 (Dec. 21, 2018). When a prisoner moves for compassionate release, "district courts may reduce his term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) extraordinary and compelling reasons warrant a sentence reduction; (3) a sentence reduction is consistent with applicable policy statements issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Chen*, 48 F.4th 1092, 1094-95 (9th Cir. 2022) (internal quotations omitted). A court "may deny compassionate release if a defendant fails to satisfy any of these grounds." *Wright*, 46 F.4th at 945.

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited May 3, 2024).

### B.   Exhaustion

Defendant bears the burden of proving that he has "met the exhaustion criteria set forth in § 3582(c)(1)(A)." *United States v. Packard*, No. 19-CR-3886-H, 2021 WL 4751173, at *2 (S.D. Cal. Oct. 12, 2021). Exhaustion under § 3582(c)(1)(A) requires that a defendant first request compassionate release from the warden at his or her facility, and that the request be denied or 30 days elapse without a response. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendant asserts that, "[o]n or about October 31, 2023," he submitted a "request to Warden Leu of FCC Petersburg, for 'compassionate release' based on [Defendant's] age related medical issue[,]" but he had not received a response to his request as of December 13, 2023. (*See* Doc. 95 at 4, 5.) He also asserts that a prison official informed him "that the institution is not processing any compassionate release request[s] until the [BOP] updates its Program Statements" under the Sentencing Guidelines. (*Id.* at 5.) Plaintiff did not present a copy of the request he submitted to the Warden or any other proof that he satisfied the exhaustion requirement. On this record, Defendant has not carried his burden of providing proof that he satisfied the exhaustion criteria set forth in § 3582(c)(1)(A). Moreover, even if the Court accepts as true Defendant's assertion that he submitted a compassionate release request to the Warden and never received a response, Defendant has not shown that extraordinary and compelling reasons warrant relief under § 3582 or that the 18 U.S.C. § 3553(a) sentencing factors justify such relief.

### C.   "Extraordinary and Compelling Reasons"/18 U.S.C. § 3553(a) Factors

"[T]he determination of what constitutes extraordinary and compelling reasons for sentence reduction lies squarely within the district court's discretion." *Chen*, 48 F.4th at 1095 (citing *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (per curiam)). As relevant here, the only limitation on this discretion is that "rehabilitation alone cannot be extraordinary and compelling." *Id.* at 1096 (citing 28 U.S.C. § 994(t)) (internal quotation omitted). Defendant bears the burden of showing that extraordinary and compelling reasons warrant a reduction in his sentence. *United States v. Sprague*, 135 F.3d 1301,

1306-07 (9th Cir. 1998).

Additionally, pertinent factors under § 3553(a) include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. 18 U.S.C. § 3553(a)(1), (2). The Court may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities among similarly situated defendants and to provide restitution to victims. 18 U.S.C. § 3553(a)(4), (6)-(7).

Having carefully considered the Motion and the facts of this case, the Court finds that there are no "extraordinary and compelling reasons" to warrant a sentence reduction pursuant to § 3582(c)(1)(A). Defendant asserts that "the BOP is ill-equipped to provide for his healthcare at this stage of his life." (Doc. 95 at 3.) But Defendant has not presented any evidence to show that he is currently receiving inadequate medical care at FCI-Petersburg. Moreover, the Court already considered this argument when Plaintiff sought compassionate release November 2020 and determined that § 3582 relief was not warranted because Defendant had "failed to show that he would not be a danger to his community upon release[.]" (*See* Doc. 73 at 5.)

Defendant has a long history of violent, sex-based crimes. The Court previously noted that "it does not take a young or physically strong man to fire a gun or light a match . . . [n]or does it take a young or physically strong man to harm a minor." (*Id.* at 6.) In light of his violent history, Defendant has not adequately shown that he is no longer a danger to the public. Reducing Defendant's sentence would not reflect the seriousness of his offense, promote respect for the law, provide a just punishment for his serious offense, or afford adequate deterrence to criminal conduct. Defendant's advanced age does not outweigh the seriousness of his offense conduct that gave rise to the sentence he is serving. As such, the § 3553(a) factors do not weigh in favor of a reduction of Defendant's sentence.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 95) is **denied**.

Dated this 15th day of May, 2024.

James A. Teilborg
Senior United States District Judge